IMG-203                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3338
_____

WEN CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-936-077)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before:  BARRY, STAPLETON AND NYGAARD, Circuit Judges

(Opinion filed: May 17, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner Wen Chen seeks review of the Board of Immigration Appeals' ("BIA")

final order of removal.  For the following reasons, we will deny his petition.

Chen, a native and citizen of China, entered the United States on or about August 28, 2006. He was served with a notice to appear and conceded removability. As relief from removal, Chen filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In support of his claims for relief, Chen alleged that he had been persecuted after his wife was forcibly sterilized in 1994 and feared future harm following his departure from China in 2006.

Before the Immigration Judge ("IJ"), Chen testified that on November 13, 1994, his wife was forcibly sterilized following the birth of their second child. Chen stated that five officials from the family planning offices came to his mother-in-law's home, where he and his wife were hiding. Chen testified that he begged the cadres not to sterilize his wife, and when he tried to stop them, three cadres knocked him to the ground, and began to kick and punch him. For about three minutes, they beat Chen with their fists and feet and he sustained bruises that lasted for about ten days after the attack. The cadres took his wife, and once Chen was able to locate her, he found that she had already been sterilized. Chen left China on February 26, 2006, even though he did not suffer any harm by the Chinese authorities since the forced sterilization of his wife in 1994.

The IJ denied Chen all relief. With respect to his asylum claim, the IJ found that Chen was not a per se refugee as the spouse of one who had been forcibly sterilized. According to the IJ, Chen did not establish that the harm he suffered amounted to persecution, or that he had a well-founded fear of future persecution. Because Chen

2

failed to establish eligibility for asylum, the IJ concluded that he failed to meet the higher burden of establishing withholding of removal. The IJ also found that he failed to show that he would be tortured and denied CAT protection. Chen sought review, and the BIA dismissed the appeal. Citing Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) (en banc), the BIA found that Chen was unable to establish eligibility for asylum or withholding of removal. The BIA also denied CAT protection. Chen now petitions this Court for review of the BIA removal order.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review these findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under the substantial evidence standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). An applicant bears the burden of proving eligibility for asylum. Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007).

Chen argues that the BIA failed to provide adequate analysis for this Court to review. We disagree. The BIA clearly found that Chen could not establish eligibility for asylum or withholding of removal due to the treatment of his spouse in connection with violation of the family planning policy law in China. The BIA's reliance on Lin-Zheng was proper; as a matter of law, no automatic refugee status exists for spouses of

3

individuals subjected to coercive population control policies. See Lin-Zheng, 557 F.3d at 148-49.

Chen also alleges that the BIA erred in concluding that he did not suffer past persecution on account of "other resistance" to the family planning policy. Even assuming that Chen testified credibly, he has not met his burden of proof in showing persecution. As the BIA found, the single incident of physical abuse, which lasted three minutes and did not require Chen to seek further medical attention, did not rise to the level of "extreme behavior" that persecution requires. See Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("isolated incidents that do not result in serious injury do not rise to the level of persecution."); Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (an alleged beating that does not result in any injuries that require medical attention does not constitute persecution). Moreover, Chen's claims are undercut by the fact that he remained in China for twelve years after the 1994 sterilization without any additional incidents with the Chinese government. Accordingly, the BIA reasonably concluded that Chen failed to establish that he suffered past persecution or a well-founded fear of future persecution, and the record is devoid of any evidence that would compel a reasonable adjudicator to conclude otherwise.

As Chen fails to meet the burden for asylum, he fails to meet the higher burden for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). In addition, we agree with the BIA that he has not shown that he would more likely than not

4

face torture, and therefore, is ineligible for CAT protection.  Id. at 182-83.

For these reasons, the petition for review will be denied.